In the Matter of the Application of CHRIS J. FLANAGAN, Petitioner, to Review the Determination of HARRY H. FLEMMING, as Candidate of the American Labor Party for the Office of Surrogate of Ulster County, N. Y., Respondent.*

Supreme Court, Special Term, Ulster County, October 19, 1938.

*Flanagan & Kaercher*, for the petitioner.

*George F. Kaufman* [*Robert G. Groves* of counsel], for the respondent.

SCHIRICK, J. This is a proceeding brought pursuant to article 14 of the Election Law to contest the nomination of the respondent as the candidate of the American Labor party for the office of surrogate of Ulster county.

Upon the return day of the motion and upon the adjourned hearing this court limited the investigation to the alleged irregularities in the voting at the third election district of the town of Ulster.

The issue at the hearing was confined to the lawfulness of the vote of one Davide. According to the testimony, Davide, upon arriving at the polling place, informed the only inspector who was then present that he was unable to mark his own ballot, not being able to read and write sufficiently well. Thereupon the inspector administered an oath to that effect, and marked a ballot for Davide in the manner indicated by him, and placed it in the box.

The subject of assistance to voters is covered by section 203 of the Election Law. This section provides for assistance to four different classes of voters. Class (a) refers to voters who at the time of their registration had taken an oath as to their illiteracy

---

or physical disability, as provided by section 167 of the Election Law. Davide clearly does not come within this provision. He testified that the occasion here in question was the first that he ever asked or received any assistance in voting. There is no claim of any physical disability. Davide's appearance and performance upon the stand would contradict such assertion if made. As to illiteracy, section 167 provides for assistance only to such illiterate voters as became entitled to vote on or before January 1, 1922. The testimony reveals that Davide became entitled to vote at a later date.

Class (b) covers cases of physical disability, and is, therefore, inapplicable.

Class (c) affects persons who became entitled to vote prior to, or on, January 1, 1922.

Class (d), like class (b), refers to physically disabled persons.

Not coming within any of the aforementioned categories, Davide was not entitled to assistance in voting. The manner in which his vote should have been cast is prescribed in section 208 of the law. Departure from the directions therein given rendered his vote null and void for all purposes. (See *People ex rel. Feeny* v. *Board of Canvassers*, 156 N. Y. 36.)

If Davide is thus disenfranchised, it is not because of any failure by an administrative officer to perform his functions. The function of voting is that of the individual elector. He is presumed to know his rights, and the manner in which they may be exercised. In voting in a manner which failed to comply with statutory requirements, Davide effected his own disenfranchisement.

Various further departures from the law were made in the manner in which assistance was given in the present case. This subject is covered by subdivision 2 of section 203. Quotations from this subdivision follow: " A voter entitled to assistance in voting may choose two of the election officers, not of the same political faith, to render such assistance, except that at a primary election they may be of the same political faith."

There were no two inspectors present at the time when Davide voted. As a matter of fact, it can be stated that no board of inspectors was functioning at the time. Section 195 of the Election Law provides that " the inspectors shall act as a board, and a majority thereof shall decide questions." Tierney alone was without authority to perform the duties cast upon the board of inspectors by the Election Law.

Section 203, subdivision 2, further provides: " The inspectors shall enter in the two copies of the register, opposite the name of an assisted voter, or in the poll books, if such books are required

to be provided, in the proper ' remarks' column, the name of each officer or person rendering the assistance, and the reason for such assistance." The registers of the third election district of the town of Ulster are in evidence, and reveal that no such notations were made. This omission divests the proceedings of the presumption of regularity which would otherwise attach.

The subdivision concludes as follows: "The officers or person assisting a voter shall enter the voting booth with him, help him in the preparation of his ballot, and, if necessary, in the return of the voted ballot to the inspectors for deposit in the ballot box."

The evidence produced at the hearing reveals gross violations of this provision. The voting did not take place in the voting booth, but apparently at the inspector's desk. Tierney not only marked the ballot for Davide, but also deposited it into the box, although it is not shown that Davide was unable to deposit it himself.

These violations of the statute are too gross and numerous to be overlooked under any theory of liberal construction. The vote cast by Davide is adjudged to be null and void, and the board of elections will be ordered to correct its canvass accordingly.

Submit order.